| | |
|---|---|
| STATE OF MAINE<br>KENNEBEC, ss | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.: CV-16-106 |

| | |
|---|---|
| Sedgewick Armstrong, of Augusta,<br>Kennebec County, Maine,<br><br>    Plaintiff,<br><br>v.<br><br>Randall Liberty, of Augusta, Kennebec<br>County, Maine,<br><br>In his Official Capacity as Kennebec<br>County Sheriff,<br><br>and<br><br>Marsha Alexander, of Augusta,<br>Kennebec County, Maine,<br><br>In her Official Capacity as an officer and<br>Jail Administrator of the Kennebec<br>County Sheriff's Office and in her<br>Individual Capacity,<br><br>and<br><br>Corey Goodchild, of Augusta, Kennebec<br>County, Maine,<br><br>In his Official Capacity as an officer of<br>the Kennebec County Sheriff's Office<br>and in his Individual Capacity,<br><br>and<br><br>Amanda L. Carlow, of Augusta,<br>Kennebec County, Maine,<br><br>In her Official Capacity as an officer of<br>the Kennebec County Sheriff's Office<br>and in her Individual Capacity, | **COMPLAINT**<br>**(WITH DEMAND FOR JURY TRIAL)**<br><br><br>Received and Filed<br><br>JUN 2 0 2016<br><br>Augusta District Court<br>Kennebec Superior Court |

1

| | |
|---|---|
| Mathew Ryan, of Augusta, Kennebec County, Maine, | ) ) ) |
| In his Official Capacity as an officer of the Kennebec County Sheriff's Office and in his Individual Capacity, | ) ) ) ) ) |
| Defendants | ) |

NOW COMES Plaintiff and hereby complains against Defendants as follows:

## PRELIMINARY STATEMENT

1.  This case concerns the illegal arrest and incarceration of the Plaintiff, Sedgewick Armstrong, by the Kennebec County Sheriff's Office (which hereinafter shall include the Kennebec County Correctional Facility) on two separate occasions for the same underlying conviction after Mr. Armstrong had already served his entire sentence at an earlier date through the Alternative Sentencing Program. On October 11, 2013, Plaintiff Sedgewick Armstrong reported to and attended a required alternative sentencing program at the Friend's Camp in South China, Maine. Mr. Armstrong was reporting for a 10-day sentence pursuant to AUGDC-13-635. He completed his sentence and was discharged on October 16, 2013 for time served. Jail records fully recorded his completion of the sentence through the Alternative Sentencing Program. Following serving his original sentence, Mr. Armstrong was arrested on new charges and then held concurrently for the same 10-day sentence in AUGDC-13-625 on June 21, 2014, creating an additional record in the jail's system of Mr. Armstrong fully serving his sentence in AUGDC-13-635. Mr. Armstrong was released from this second period of incarceration on July 1, 2014, 11 days after his arrest. Despite having already served his full sentence in AUGDC-13-635, Kennebec County Correctional Facility's Administrator, Captain Marsha Alexander, signed a sworn affidavit on March 18, 2014, stating that Mr. Armstrong had not appeared for his sentence

and that she had conducted an "extensive" search of his jail and court records to confirm this. Mr. Armstrong was thereafter arrested a third time on March 25, 2015 for the same underlying conviction in AUGDC-CR-13-635 as a direct result of the incorrect affidavit signed by Captain Alexander. In conjunction with this third arrest, Mr. Armstrong was charged with Failure to Report for his sentence in AUGDC-CR-13-635 and held until April 8, 2015 (15 days), when his defense counsel identified the multiple illegal arrests and the jail released Mr. Armstrong. The State dismissed the failure to report charge following the discovery that Mr. Armstrong had in fact served the sentence already. Mr. Armstrong, who had been a janitor at a local high school for 21 years, and who suffers from debilitating physical ailments including Parkinson's disease, was terminated from his job as a result of his multiple illegal incarcerations. The repeated arrest and incarceration of Mr. Armstrong by Kennebec County Sheriff's staff, despite the existence of clear evidence in the jail's record system that he had already served his full sentence on more than one occasion, is evidence of the Kennebec County Sheriff's Departments inadequate training of its personnel and of its pervasive and widespread policies and customs which result in violations of the U.S Constitution and the State of Maine Constitution. Mr. Armstrong ultimately served his 10-day sentence three times for a total of approximately 32 days, with at least 15 of those days served for no other reason than the Defendant Captain Marsha Alexander's incorrect affidavit to the Court, together with the failure of jail staff to search his jail record.

## STATEMENT OF FACTS

2. Plaintiff Sedgewick Armstrong ("Armstrong") is a resident of Augusta, County of Kennebec, and State of Maine.

3. Defendant Marsha J. Alexander ("Captain Alexander") is a corrections officer and jail administrator for the Kennebec County Sheriff's Office in Augusta, County of Kennebec, and State of Maine.

4. Defendant Corey J. Goodchild ("Officer Goodchild") is a corrections officer and program's officer for the Kennebec County Sheriff's Office in Augusta, County of Kennebec, and State of Maine.

5. Defendant Amanda L. Carlow ("Officer Carlow") is a corrections officer for the Kennebec County Sheriff's Office in Augusta, County of Kennebec, and State of Maine.

6. Defendant Mathew W. Ryan, ("Officer Ryan") is a corrections officer for the Kennebec County Sheriff's Office in Augusta, County of Kennebec, and State of Maine.

7. Defendant, Randall Liberty, or his successor, ("Sheriff Liberty") is the Sheriff of the Kennebec County Sheriff's Office in Augusta, County of Kennebec, and State of Maine.

8. Defendant Kennebec County Sheriff's Office (d/b/a Kennebec County Correctional Facility) is a law enforcement entity of Kennebec County, a county organized under the laws of the State of Maine.

9. Armstrong was a long-time janitor for 21 years at Hall-Dale High School in Farmingdale, Maine at all relevant times to this Complaint.

10. On or about October 11, 2013, Armstrong attended the Alternative Sentencing Program at the Friend's Camp in South China, Maine, to fulfill his 10-day sentence in AUGDC-13-635 in connections with an Operating after Suspension charge.

11. On October 16, 2013, Armstrong was released for time served from the Alternative Sentencing program in AUGDC-13-635.

12. Upon information and belief, Corrections Officer and Program Officer, Corey Goodchild maintained and entered the records of Mr. Armstrong's participation and completion of the Alternative Sentencing Program sentence for AUGDC-CR-13-635, into the jail's system on October 16, 2013.

13. Armstrong took vacation time from his job of 21 years as a janitor to complete his Alternative Sentencing Program time.

14. On March 18, 2014, the Kennebec County Corrections Facility's Corrections Administrator, Captain Marsha Alexander, signed an affidavit swearing that after an "extensive" search of court and jail records, Armstrong had not reported for his sentence on October 11, 2013, and requested that the Court issue a warrant for his arrest on the new charge of Failure to Report pursuant to 15 M.R.S. 1091-A.

15. Officer Goodchild witnessed Captain Alexander's affidavit on March 18, 2014.

16. On June 21, 2014, Armstrong was arrested on new charges and transported to the Kennebec County Correctional Facility.

17. Armstrong was in-processed by Corrections Officer Mathew Ryan during his June 21, 2014, incarceration and was held concurrently for a second time on AUGDC-13-635 for the full 10-day sentence.

18. Armstrong was released for time served on AUGDC-13-635 on July 1, 2014, 11 days after his arrest.

19. On December 23, 2014, a Complaint for Failure to Report in AUGDC-13-635, 15 M.R.S. 1091-A, was filed with the Augusta District Court.

20. On December 30, 2014, a Warrant of Arrest for Failure to Report was issued by the District Court as a result of Corrections Administrator Marsha Alexander's March 18, 2014, affidavit swearing that Mr. Armstrong had not yet served his sentencing in AUGDC-CR-13-635.

21. Armstrong was arrested and incarcerated on March 25, 2015 pursuant to this warrant and held for a <u>third</u> time on his 10-day sentence in AUGDC-CR-13-635.

22. Armstrong was held until April 8, 2015, when he was released for time served on AUGDC-CR-13-635.

23. Armstrong was held concurrently on his new faulty Failure to Report charge during this same period while he was unable to make the $1,000 bail.

24. Armstrong was in-processed by Corrections Officer Amanda L. Carlow for his March 25, 2015, incarceration.

25. Upon information and belief, warrant affidavits are signed and sworn by the jail Corrections Administrator without an extensive or adequate review of the jail records being done, including alternative sentencing records, as a matter of custom or policy.

26. Upon information and belief, Corrections Administrator, Marsha Alexander, signed a warrant affidavit on March 18, 2014, stating that Mr. Armstrong had not served his sentence without conducting an extensive review of the jail records, including the alternative sentencing records.

27. Upon information and belief, Captain Alexander signs affidavits for Failure to Report without in fact conducting an extensive search of the jail and court records before signing, all as part of a pervasive, policy or custom of the Kennebec County Sheriff's Office.

28. Policy makers of the Kennebec County Sheriff's Office had either actual or constructive knowledge of the custom of signing warrant affidavits without completing a thorough examination of the alternative sentencing program records.

29. Policy makers of the Kennebec County Sheriff's Office had either actual or constructive knowledge of the custom of in-processing inmates by jail staff without completing a thorough examination of the alternative sentencing program records.

30. Armstrong was fired from his job of 21 years as a school janitor due to his repeat incarcerations on AUGDC-CR-13-635.

31. Armstrong lost approximately 50 pounds as a result of the stress caused by the loss of his job and his repeat arrests.

32. Armstrong experienced extreme pain and suffering during his incarceration because off his condition of Parkinson's disease.

33. The charges against Armstrong for Failure to Report were dismissed once he was appointed counsel and the charges were challenged.

## COUNT I
## UNLAWFUL ARREST
## (42 U.S.C. § 1983)
(Vs. Marsha Alexander, Randall Liberty, Amanda Carlow, Corey Goodchild, and Mathew Ryan, in their Official and Individual Capacities)

34. Armstrong repeats and realleges the proceeding paragraphs as if set forth fully herein.

35. The right to be free from unreasonable seizure includes the right not to be arrested and incarcerated multiple times for the same crime and sentence after the underlying sentence has already been completed.

36. At all times relevant to this Complaint, Armstrong had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from false and unlawful arrest and confinement by Kennebec County Sheriffs officer or their assigns.

37. Captain Marsha Alexander wrongfully signed an affidavit swearing that Armstrong had not appeared for his sentence in AUGDC-CR-13-635 without probable cause.

38. Captain Alexander knew or should have known that Armstrong had already completed his 10-day sentence in AUGDC-CR-13-635.

39. Officers Goodchild, Ryan, and Carlow, each failed to release Armstrong from custody and instead in-processed him and held in in custody despite the fact that jail records clearly stated that he had already served his 10-day sentence in AUGDC-CR-13-635.

40. Officers Alexander, Goodchild, Ryan, and Carlow, each acted under the direct authority of Sheriff Randall Liberty.

41. There was no evidence of facts and circumstances sufficient to justify the belief that Armstrong had not completed his sentence.

42. Each of the Defendants violated Armstrong's right to be free from unlawful arrest when they caused him to be arrested and incarcerated him.

43. At all times relevant to this Complaint, the Defendants were acting under color of state law.

44. As a result of each of the Defendants' actions Armstrong suffered damages, including but not limited to pain, suffering, humiliation, embarrassment, and permanent impairment of future earning capacity.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in his favor and award his damages, reasonable attorney's fees and costs and whatever other relief this Court deems just and equitable.

## COUNT II
## NEGLIGENT SUPERVISION
## (42 U.S.C. § 1983)
**(Armstrong v. Kennebec County Sheriff's Office (Kennebec County Corrections Facility))**

45. Armstrong repeats and realleges the allegations in the proceeding paragraphs as if set forth fully herein.

46. At all times relevant to this Complaint, Armstrong had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from false and unlawful arrest and incarceration by Kennebec County Sheriff's officers or their assigns.

47. With deliberate indifference to the right of individuals in the Kennebec County to be free from invasions of bodily integrity and unlawful arrest by police, the Kennebec County Sheriff's Office failed to conduct adequate training and supervision of officers with regard to their obligations to conduct an extensive and sufficient records search of each inmate to ensure that no

person is wrongfully incarcerated, as well as to perform an extensive and sufficient records search before signing warrant affidavits for Failure to Appear.

48. The training provided by the Kennebec County Sheriff's Office to Officers Alexander, Ryan, Carlow, and Goodchild was clearly inadequate for the tasks performed by each of them in incarcerating Armstrong, or causing Armstrong to be incarcerated.

49. The Defendants were not trained to properly examine inmate records during in-processing.

50. Defendant Officer Goodchild was not trained to ensure that any alternative sentencing program time was entered into the jail record system in a way that would put all other officers on notice of the time served by the inmate.

51. Defendant Captain Alexander was not trained on properly examining jail records to ensure that inmates had not already served their sentence through the alternative sentencing program.

52. Defendant Captain Alexander was not trained on how to properly submit an affidavit based upon personal knowledge to the Court when an inmate fails to appear for a sentence.

53. None of the Defendants were trained that they had to release Armstrong when the jail records state that he has already served his time.

54. At all times relevant to this Complaint, it was the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Kennebec County Sheriff's Office (Kennebec County Correctional Facility) to fail to properly train officers how to properly examine inmate records, including alternative sentencing records, and avoid affecting an unlawful arrest.

55. At all times relevant to this Complaint, it was the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Kennebec County Sheriff's Office (Kennebec County Correctional Facility) to incarcerate individuals, without properly examining inmate records, including alternative sentencing records, and to avoid affecting an unlawful arrest.

56. At all times relevant to this Complaint, it was the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Kennebec County Sheriff's Office (Kennebec County Correctional Facility) to permit the signing of warrant affidavits for failure to report, without properly examining inmate records, including alternative sentencing records, and to avoid affecting an unlawful arrest.

57. These deliberately indifferent customs and/or inadequate trainings were closely related to and/or actually caused Armstrong's unlawful arrest and the injuries resulting from that unlawful arrest.

58. The Kennebec County Sheriff's Office had either actual or constructive knowledge of the above stated policies or customs and yet did nothing to end the policies or customs.

59. As a result of the Kennebec County Sheriff's Office actions and inactions, Armstrong suffered damages, including but not limited to pain, suffering, humiliation, embarrassment, and permanent impairment of future earning capacity.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in his favor and award his damages, reasonable attorney's fees and costs and whatever other relief this Court deems just and equitable.

## COUNT III
## FALSE IMPRISOMNET
## (42 U.S.C. § 1983)
## (Vs. All Defendants)

60. Armstrong repeats and realleges the proceeding paragraphs as if set forth fully herein.

61. Armstrong was privileged under the Fourteenth Amendment to the U.S. Constitution to be free from deprivations of liberty without due process of the law.

62. The Defendants each caused Armstrong to be arrested and detained without probable cause and under color of state law.

63. Armstrong was in fact detained by the Defendants as a direct result of his unlawful arrest.

## COUNT IV
## MAINE CIVIL RIGHTS ACT
## (5 M.R.S. Sec. 4681-85)
## (vs. All Defendants)

64. Armstrong repeats and realleges the proceeding paragraphs as if set forth fully herein.

65. The Maine Civil Rights Act, 5 M.R.S. Sec. 4681 et seq., provides that a person whose civil rights are interfered with "by physical force or violence against a person . . . or by the threat of physical force or violence against a person" has a statutory cause of action.

66. By causing Mr. Armstrong to be taken into custody by agents or assigns of the Kennebec County Sheriff's Office, the Defendants each interfered with Armstrong's civil rights, including his right to be free from unlawful search and seizure and his due process rights.

67. By forcefully incarcerating Armstrong and holding him against his will in a jail cell, the Defendants each interfered with Armstrong's civil rights, including his right to be free from unlawful search and seizure and his due process rights.

68. Armstrong was handcuffed by the Kennebec County Sheriff's Office and its staff, including, upon information and belief, the named Defendants Officers Goodchild, Carlow, and Ryan.

69. Jail staff advised Armstrong that he was not free to leave during his time in the Kennebec County Correctional Facility, creating the implicit threat of physical force.

70. Jail staff, including upon information and belief, Officers Goodchild, Carlow, and Ryan held Armstrong in a metal jail cell against his will.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in his favor and award his damages, reasonable attorney's fees and costs and whatever other relief this Court deems just and equitable.

Date: 6/20/16

_____ 5044
for Mark K. Laverdiere, Esq.
Bar No. 5051
Griffin & Jordan, LLC
68 Main Street, P.O. 220
Orono, ME. 04473
(207) 866-5500

Received and Filed
JUN 20 2016
Augusta District Court
Kennebec Superior Court