# UNITED STATES DISTRICT COURT
## District of Maine

|  |  |  |
|---|---|---|
| | ) | |
| SEGDEWICK ARMSTRONG, | ) | Docket No. 1:16-cv-00386-JAW |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNEBEC COUNTY SHERIFF'S | ) | |
| OFFICE, RANDALL LIBERTY, MARSHA | ) | |
| ALEXANDER, COREY GOODCHILD, | ) | |
| AMANDA CARLOW and MATTHEW | ) | |
| RYAN, | ) | |
| Defendants | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES   OF DEFENDANTS TO AMENDED COMPLAINT

NOW COME Defendants, through counsel, and hereby respond to Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

A.  Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

B.  The Defendants, in their individual capacities, are entitled to qualified immunity on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

C.  The Kennebec County Sheriff's Office and the remaining Defendants, in their official capacities, are immune from any claims brought under the Maine Tort Claims Act.

D.  Defendants, in their individual capacities, are entitled to immunity from any claims brought under the Maine Tort Claims Act pursuant to the provisions of 14 M.R.S. § 8111.

E.  Any damages sustained by Plaintiff were caused by the acts and/or omissions of an individual and/or entity other than Defendants.

F.  Plaintiff's damages, if any, were directly and proximately caused by a legally sufficient superseding/intervening cause.

G.  Plaintiff has failed to mitigate his damages as required by law.

H.  Plaintiff's Amended Complaint is barred for failure to comply with conditions precedent to the maintenance of this lawsuit, including, without limitation, the notice requirements of 14 M.R.S. § 8107.

I.  Plaintiff's Amended Complaint is barred by the statute of limitations.

J.  The Kennebec County Sheriff's Office is not an entity that can be sued.

## ANSWER

### Preliminary Statement

1.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

### Statement of Facts

2.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

3.  Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

4.  Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

5.   Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

6.   Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

7.   Defendants admit that Randall Liberty was the Kennebec County Sheriff until September 2015.

8.   Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

9.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

10.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

11.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

12.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

13.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and

therefore deny same.

14.  Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

15.  Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

16.  Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

17.  Defendants admit that Armstrong was booked by Corrections Officer Matthew Ryan during his June 21, 2014, incarceration.  These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

18.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

19.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

20.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

21.  Defendants admit that Armstrong was arrested and incarcerated on March 25, 2015. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of

4

the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

22. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

23. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

24. Defendants admit the allegations contained in this paragraph of Plaintiff's Amended Complaint.

25. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

26. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

27. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

28. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

29. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

30. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

31.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

32.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

33.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

Count I - Unlawful Arrest (42 U.S.C. § 1983)
(v. Defendants in their official and individual capacities)

34.  Defendants repeat and reassert their responses to Paragraphs 1 through and including 33 of Plaintiff's Amended Complaint as if fully set forth herein.

35.  The allegations contained in this paragraph of Plaintiff's Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit the allegations contained in this paragraph.

36.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

37.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

38.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

39.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

40.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

41.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

42.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

43.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

44.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

Count II - Negligent Supervision (42 U.S.C. § 1983)<br>(v. Kennebec County Sheriff's Office/Kennebec County Correctional Facility)

45.  Defendants repeat and reassert their responses to Paragraphs 1 through and including 44 of Plaintiff's Amended Complaint as if fully set forth herein.

46.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

47.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

48.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

49.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

50.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

51.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

52.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

53.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

54.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

55.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

56.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

57.  Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

58. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

59. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

## Count III - False Imprisonment (42 U.S.C. § 1983)

60. Defendants repeat and reassert their responses to Paragraphs 1 through and including 59 of Plaintiff's Amended Complaint as if fully set forth herein.

61. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

62. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

63. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

## Count IV - Maine Civil Rights Act (5 M.R.S. § 4681-85)

64. Defendants repeat and reassert their responses to Paragraphs 1 through and including 63 of Plaintiff's Amended Complaint as if fully set forth herein.

65. The allegations contained in this paragraph of Plaintiff's Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, these Defendants deny the allegations contained in this paragraph.

66. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

67. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

68. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.

69. Defendants deny the allegations contained in this paragraph of Plaintiff's Amended Complaint.

70. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and therefore deny same.


Dated: August 3, 2016                    /s/ Peter T. Marchesi
                                         Peter T. Marchesi, Esq.


                                         /s/ Cassandra S. Shaffer
                                         Cassandra S. Shaffer, Esq.

                                         Wheeler & Arey, P.A.
                                         Attorneys for Defendants
                                         27 Temple Street, P.O. Box 376
                                         Waterville, ME 04903-0376

10

# UNITED STATES DISTRICT COURT
## District of Maine

|  |  |
|---|---|
| SEDGEWICK ARMSTRONG, | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| RANDALL LIBERTY, MARSHA | ) |
| ALEXANDER, COREY GOODCHILD, | ) |
| AMANDA CARLOW and MATTHEW | ) |
| RYAN, | ) |
| Defendants | ) |
|  | ) |

## CERTIFICATE OF SERVICE

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

● Answer and Affirmative Defenses of Defendants to Amended Complaint

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark LaVerdiere, Esq. *mlaverdiere@griffinandjordan.com*

Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

None

Dated: August 3, 2016

/s/ Peter T. Marchesi
Peter T. Marchesi, Esq.
Attorney for Defendants
Wheeler & Arey, P.A.
27 Temple Street, P.O. Box 376
Waterville, ME  04903-0376

11